SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
CAMILLE M. VASQUEZ, Cal. Bar No. 273377
LEO J. PRESIADO, Cal. Bar No. 166721
SAMUEL A. MONIZ, Cal. Bar No. 313274
J. RANDALL BOYER, Cal. Bar No. 290003
MELISSA M. MIKAIL, Cal. Bar No. 323212
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:  714.513.5130
E mail       cvasquez@sheppardmullin.com
             lpresiado@sheppardmullin.com
             smoniz@sheppardmullin.com
             jboyer@sheppardmullin.com
             mmikail@sheppardmullin.com

Attorneys for Defendants
PEPSICO, INC. and FRITO-LAY, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| RICHARD MONTANEZ, an individual,<br><br>              Plaintiff,<br><br>       v.<br><br>PEPSICO, INC., a North Carolina Corporation; FRITO-LAY, INC., a Delaware Corporation; and DOES 1 through 30, inclusive,<br><br>              Defendants. | Case No. 5:24-cv-01792-JWH-DTB<br><br>Removal Filed:   August 21, 2024<br>Complaint Filed:  July 22, 2024<br><br>**DEFENDANTS PEPSICO, INC.'S AND FRITO-LAY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND ANTI-SLAPP MOTION TO STRIKE COMPLAINT PURSUANT TO CAL. CIV. PROC. CODE § 425.16**<br><br>Hearing:<br>Date:        October 18, 2024<br>Time:        9:00 am<br>Courtroom:   9D |

**TO THE ABOVE-CAPTIONED COURT AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that at 9:00 a.m. on Friday, October 18, 2024, or as soon thereafter as this matter may be heard in Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA 92701, Courtroom 9D, 9th Floor, the Honorable John W. Holcomb, defendants PEPSICO, INC. and FRITO-LAY, INC. (collectively "Defendants") will, and hereby do, move for an order (1) dismissing Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that it fails to state a claim upon which relief may be granted, (2) striking Plaintiff's Complaint pursuant to California Code of Civil Procedure section 425.16 on the grounds that several of Plaintiffs' causes of action arise from protected activity, and Plaintiff cannot establish a probability of success on the merits against Defendants, and (3) awarding Defendants their attorneys' fees and costs (to be sought on separate noticed motion) associated with this Motion pursuant to California Code of Civil Procedure section 425.16(c).

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, Defendants' contemporaneously-filed Request for Judicial Notice, all pleadings, papers and other documentary materials in the Court's file for this action, those other matters of which this Court may or must take judicial notice, and such other matters as this Court may consider in connection with the hearing on this matter.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 21, 2024.

/ / /
/ / /
/ / /
/ / /

SMRH:4889-6043-4906                                        MOTION TO DISMISS AND STRIKE

1

Dated:  August 28, 2024          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

2

3                                    By        _____
                                                    */s/ Camille M. Vasquez*
4                                                CAMILLE M. VASQUEZ
                                                 LEO J. PRESIADO
5                                                SAMUEL A. MONIZ
                                                 J. RANDALL BOYER
6                                                MELISSA M. MIKAIL

7                                                Attorneys for Defendants
                                          PEPSICO, INC. and FRITO-LAY, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  INTRODUCTION ................................................................................. 11

II.  RELEVANT ALLEGATIONS .............................................................. 12

III.  PLAINTIFF FAILS TO STATE A CLAIM ........................................... 13

    A.  STANDARD GOVERNING RULE 12(B)(6) MOTIONS ......................... 13

    B.  MOST OF PLAINTIFF'S CLAIMS ARE TIME-BARRED ..................... 14

    C.  UNSPECIFIED STATEMENTS ARE INSUFFICIENT TO PLEAD DEFAMATION OR INTENTIONAL INTERFERENCE .......................... 15

        1.  Plaintiff Fails to State a Claim for Defamation. ................................. 15

            a.  Plaintiff's Vague Allegations Fail to Plead Disparagement ........................................................... 16

            b.  Plaintiff Fails to Plead Falsity. .................................... 17

            c.  Plaintiff is a Public Figure, or at the very least, a Limited-Purpose Public Figure and Fails to Allege Actual Malice. ............................................................ 17

            d.  Any Alleged Defamatory Statements are Privileged Under the Common Interest Privilege.................... 18

            e.  Plaintiff Neither Pleads Slander Per Se nor Actual Damages for Slander Per Quod.................................. 19

        2.  Plaintiff Fails to State a Claim for Intentional Interference. .............. 20

    D.  PLAINTIFF FAILS TO ALLEGE FRAUD OR UNJUST ENRICHMENT ................................................................................ 22

        1.  Plaintiff fails to allege the elements of fraud. ................................... 22

            a.  Plaintiff's Allegations Do Not Establish a Misrepresentation or Promise ................................... 22

            b.  Plaintiff's Allegations Do Not Establish an Intent to Defraud .................................................................. 23

            c.  Plaintiff's Allegations Do Not Establish Reliance.................. 24

        2.  Plaintiff Fails to State a Claim for Unjust Enrichment ..................... 24

    E.  PLAINTIFF'S FEHA ALLEGATIONS ARE INSUFFICIENT TO SHOW DISCRIMINATION .......................................................... 25

MOTION TO DISMISS AND STRIKE

a.    Plaintiff's Allegations Do Not Establish an Adverse
Employment Action ................................................. 25

b.    Plaintiff Fails to Allege Discriminatory Motive .................... 27

c.    Plaintiff Cannot Invoke the Discovery Rule ......................... 27

F.    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF
CALIFORNIA'S UNFAIR COMPETITION LAW. ................................... 29

IV.    PLAINTIFF'S CLAIMS SHOULD BE STRICKEN PURSUANT TO
CALIFORNIA'S ANTI-SLAPP STATUTE ......................................... 29

1.    Plaintiff's Claims Arise from Protected Activity .............................. 30

2.    Plaintiff's Claims Fail as a Matter of Law ......................................... 31

V.    CONCLUSION ............................................................................ 32

SMRH:4889-6043-4906                              MOTION TO DISMISS AND STRIKE

# TABLE OF AUTHORITIES

Page(s)

<u>Federal Cases</u>

*In re Apple Computer, Inc. Sec. Litig.*
   243 F. Supp. 2d 1012 (N.D.Cal.2002), *aff'd*, 127 Fed. Appx. 296 (9th Cir.2005)......23

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ..................................................................................... 14

*Astiana v. Hain Celestial Grp., Inc.*
   783 F.3d 753 (9th Cir. 2015).........................................................................24

*Balistreri v. Pacifica Police Dep't*
   901 F.2d 696 (9th Cir. 1988)........................................................................14

*Barger v. Playboy Enters., Inc.*
   564 F. Supp. 1151 (N.D. Cal. 1983) ........................................................... 18

*Bejou v. Bank of Am., N.A.*
   2013 WL 1759126 (E.D. Cal. Apr. 24, 2013)..............................................29

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ..................................................................................... 14

*Bell Atl. Corp. v. Twombly*
   550 U.S. 555 (2007) ............................................................................... 12, 14

*Bullard v. Wastequip, Inc.*
   2014 WL 10987394 (C.D. Cal. Sept. 11, 2014)..........................................22

*Cedars Sinai Med. Ctr. v. Mid–W. Nat. Life Ins. Co.*
   118 F. Supp.2d 1002 (C.D.Cal.2000) ....................................................22, 23

*Charlson v. DHR Int'l Inc.*
   2014 WL 4808851 (N.D. Cal. Sept. 25, 2014) ...........................................20

*Chisolm v. 7-Eleven, Inc.*
   383 F. Supp. 3d 1032 (S.D. Cal. 2019), aff'd, 814 F. App'x 194 (9th Cir. 2020).......26

*DC Comics v. Pac. Pictures Corp.*
   938 F. Supp. 2d 941 (C.D. Cal. 2013) ........................................................14

*Doe v. Gangland Prods., Inc.*
   730 F.3d 946 (9th Cir. 2013).......................................................................31

*Eastech Elecs., Inc. v. E & S Int'l Enters., Inc.*
  2008 WL 11342614 (C.D. Cal. Aug. 25, 2008)...........................................18

*Eliott v. Lions Gate Ent. Corp.*
  639 F. Supp. 3d 1012 (C.D. Cal. 2022) ....................................................30

*Flowers v. Carville*
  310 F.3d 1118 (9th Cir. 2002)...................................................................16

*Flowers v. Wells Fargo Bank, N.A.*
  2011 WL 2748650 (N.D. Cal. July 13, 2011)............................................14

*Griffin v. Green Tree Servicing, LLC*
  2015 WL 10059081 (C.D. Cal. Oct. 1, 2015).............................................15

*Halton Co. v. Streivor, Inc.*
  2010 WL 2077203 (N.D. Cal. May 21, 2010)............................................21

*Harte-Hanks Commc'ns v. Connaughton*
  491 U.S. 657 (1989)...................................................................................18

*Hayden v. Retail Equation, Inc.*
  2021 WL 5024502 (C.D. Cal. July 6, 2021) ..............................................17

*Heller v. NBCUniversal, Inc.*
  2016 WL 6573985 (C.D. Cal. Mar. 30, 2016) ...........................................16

*Herring Networks, Inc. v. Maddow*
  8 F.4th 1148 (9th Cir. 2021) ...............................................................29, 30

*Hilton v. Hallmark Cards*
  599 F.3d 894 (9th Cir. 2010).....................................................................30

*Navarro v. Block*
  250 F.3d 729 (9th Cir. 2001).....................................................................13

*O'Connor v. Uber Techs., Inc.*
  58 F. Supp. 3d 989 (N.D. Cal. 2014) ........................................................20

*Silicon Knights v. Crystal Dynamics*
  983 F. Supp. 1303 (N.D. Cal. 1997) .........................................................21

*Swartz v. KPMG LLP*
  476 F.3d 756 (9th Cir. 2007).....................................................................14

*Thomas v. L.A. Times Commc'ns L.L.C.*
  189 F. Supp. 2d 1005 (C.D. Cal. 2002) ....................................................31

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*
    190 F.3d 963 (9th Cir. 1999) ........................................................................ 29

*Vasquez v. Cnty. of L.A.*
    349 F.3d 634 (9th Cir. 2003) ........................................................................ 26

*Warner v. Tinder Inc.*
    105 F. Supp. 3d 1083 (C.D. Cal. 2015) ...................................................... 29

*Wynn v. Chanos*
    2015 WL 971360 (N.D. Cal. Mar. 3, 2015), *aff'd*, 685 F. App'x 578 (9th Cir.
    2017) ............................................................................................................. 31

State Cases

*Baker v. L.A. Herald Exam'r*
    42 Cal. 3d 254 (1986) .................................................................................. 17

*Balla v. Hall*
    59 Cal. App. 5th 652 (2021) ........................................................................ 15

*Cross v. Cooper*
    197 Cal. App. 4th 357 (2011) ...................................................................... 30

*Della Penna v. Toyota Motor Sales, U.S.A.*
    11 Cal. 4th 376 (1995) ................................................................................. 20

*Durell v. Sharp Healthcare*
    183 Cal. App. 4th 1350 (2010) .................................................................... 24

*E-Fab, Inc. v. Accountants, Inc. Serv.*
    153 Cal. App. 4th 1308 (2007) .................................................................... 28

*Engalla v. Permanente Med. Grp., Inc.*
    15 Cal. 4th 951 (1997) ................................................................................. 23

*Grenier v. Taylor*
    234 Cal. App. 4th 471 (2015) ................................................................. 16, 17

*Grisham v. Philip Morris U.S.A., Inc.*
    40 Cal. 4th 623 (2007) ................................................................................. 28

*Guz v. Bechtel Nat'l. Inc.*
    24 Cal. 4th 317 (2000) ................................................................................. 25

*Jolly v. Eli Lilly Co.*
    44 Cal. 3d 1103 (1988) ................................................................................ 28

*Kasparian v. Cnty. of L.A.*
    38 Cal. App. 4th 242 (1995) ............................................................ 21

*Korea Supply Co. v. Lockheed Martin Corp.*
    29 Cal. 4th 1134 (2003) .................................................................. 20

*Ludwig v. Super. Ct.*
    37 Cal. App. 4th 8 (1995) ............................................................... 29

*Magpali v. Farmers Group, Inc.*
    48 Cal. App. 4th 471 (1996) ............................................................ 22

*McBride v. Boughton*
    123 Cal. App. 4th 389 (2004) .......................................................... 24

*McGarry v. Univ. of San Diego*
    154 Cal. App. 4th 97 (2007) ....................................................... 16, 18

*Med. Marijuana, Inc. v. ProjectCBD.com*
    46 Cal. App. 5th 869 (2020) ............................................................ 16

*Nadel v. Regents of the Univ. of Calif.*
    28 Cal. App. 4th 1251 (1994) .......................................................... 31

*PM Grp., Inc. v. Stewart*
    154 Cal. App. 4th 55 (2007) ............................................................ 21

*Reader's Digest Assn. v. Superior Ct.*
    37 Cal. 3d 244 (1984) ..................................................................... 17

*Regalia v. The Nethercutt Collection*
    172 Cal. App. 4th 361 (2009) .......................................................... 19

*Schep v. Capital One, N.A.*
    12 Cal. App. 5th 1331 (2017) .......................................................... 19

*Seelig v. Infinity Broad. Corp.*
    97 Cal. App. 4th 798 (2002) ............................................................ 17

*Shively v. Bozanich*
    31 Cal. 4th 1230 (2003) .................................................................. 14

*Varian Med. Sys., Inc. v. Delfino*
    35 Cal. 4th 180 (2005) .................................................................... 30

*Vogel v. Felice*
    127 Cal. App. 4th 1006 (2005) ........................................................ 16

*Wilson v. Loew's Inc.*
    142 Cal. App. 2d 183 (1956) ........................................................ 21

Federal: Statutes, Rules, Regulations, Constitutional Provisions

Fed. R. Civ. P. 9(b) ........................................................ 14, 23

Fed. R. Civ. P. 12(b)(6) ........................................................ 2, 13, 31

State: Statutes, Rules, Regulations, Constitutional Provisions

Cal. Civ. Code § 44 ........................................................ 19

Cal. Civ. Code § 46 ........................................................ 19

Cal. Civ. Code § 47 ........................................................ 18

Cal. Code Civ. Proc. § 425.16 ........................................................ 1, 2, 31

Cal. Code Civ. Proc. § 425.16(c) ........................................................ 2, 30

Cal. Code Civ. Proc. § 340 ........................................................ 14

Cal. Gov't Code § 12940(a) ........................................................ 25

Cal. Gov't Code §§ 12960(e)(5) ........................................................ 15

California's Unfair Competition Law ........................................................ 29

Fair Employment and Housing Act ........................................................ 11, 15, 25

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Richard Montañez's ("Plaintiff") Complaint makes an effective press release, but lacks merit as a legal claim.  Plaintiff has not satisfied the elements of a single cause of action.  The faulty premise of his Complaint against Defendants PepsiCo, Inc. ("PepsiCo") and Frito-Lay, Inc. ("Frito-Lay," collectively, "Defendants") is that, although they promoted him from janitor to executive and allowed him to pursue a lucrative speaking career for decades, more recently they have stopped promoting his accomplishments.  No cognizable claim exists against a former employer on these facts – and any claim is untimely.

Unsurprisingly, Plaintiff's Complaint is misdirected and contradictory.  It focuses on a three-year-old Los Angeles Times (the "LA Times") article (the "Article"), that concludes Plaintiff did not "invent" Flamin' Hot Cheetos.  According to Plaintiff, the Article damaged his speaking career, and he criticizes the Article and its author, even suggesting the author wrote it to get back at an ex-girlfriend who liked Flamin' Hot Cheetos, Compl. ¶ 86—evidently hell hath no fury like a reporter scorned.

Plaintiff also targets Defendants for not defending Plaintiff's public persona emphatically enough.  Plaintiff acknowledges that Defendants characterized the Article as "misconstrued" and "result[ing] in confusion." *Id.* ¶ 89.  Plaintiff nonetheless complains that Defendants failed to "expressly endorse [his] version of events." *See id.* ¶ 92.  The law recognizes no such obligation and permits none of Plaintiff's claims.

First, most of Plaintiff's claims are untimely.  The Article was published over three years ago, exceeding the statutes of limitations for defamation, intentional interference with prospective economic advantage, fraud, unjust enrichment, and the Fair Employment and Housing Act ("FEHA").

MOTION TO DISMISS AND STRIKE

1    Second, Plaintiff pleads conclusions, not facts. Plaintiff theorizes that

2    Defendants *must have* adopted the Article's positions and relayed those to film

3    producers who considered and then declined to produce a documentary about his

4    career.  That is pure, unsupported speculation that falls short of stating any valid

5    claim.  Plaintiff fails to allege that Defendants made any specific statement about

6    him or that such statement was actionable.

7    Most of Plaintiff's claims also run afoul of California's anti-SLAPP statute.

8    California law affords broad protections from liability for speech, especially for

9    statements in the context of public controversy.  Plaintiff injected himself into the

10   public zeitgeist and cannot, now, blame Defendants when the attention on him is not

11   uniformly flattering.

12   The Court should dismiss Plaintiff's Complaint and award Defendants their

13   attorneys' fees incurred herein.

14   **II.    RELEVANT ALLEGATIONS**

15   Plaintiff's Complaint details his entire professional career but contains few

16   factual allegations pertinent to his claims.  Plaintiff's essential allegations are[1]:

17   Plaintiff came up with the idea for Flamin' Hot Cheetos.  Compl. ¶¶ 41-59.

18   Defendants promoted Plaintiff and celebrated his idea and speaking career for

19   decades.  *Id.* ¶¶ 60-75.  On May 16, 2021, after Plaintiff left his employment with

20   Defendants in 2019, the LA Times published the Article, concluding that Plaintiff

21   did not invent Flamin' Hot Cheetos.  *Id.* ¶ 77.  Frito-Lay supplied "information and

22   statements" on which the Article relied.  *Id.* ¶¶ 79, 81.

23   On May 5, 2023, the production house Lightbox contacted Plaintiff about

24   developing a documentary about his life, career, and the controversy caused by the

25   Article.  *Id.* ¶¶ 103-106.  Lightbox also contacted Defendants and asked them to

26

27   ─────────────────────

28   [1] Although Defendants dispute Plaintiff's allegations, they are deemed true for
     purposes of this Motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007).

participate; Plaintiff speculates that Defendants must have made statements to the effect that Plaintiff did not invent Flamin' Hot Cheetos, and refused participation in any production concluding he did. *Id.* ¶ 107. Lightbox shut down the project. *Id.* ¶ 108. Defendants' alleged nonparticipation harmed Plaintiff's reputation, reduced his ability to market himself as a speaker and author, and cost him profits from the documentary. *Id.* ¶¶ 94, 96-100, 108, 143.

The lynchpins of Plaintiff's allegations are Defendants' alleged interactions with the LA Times and Lightbox, which require a more detailed review.

Regarding the Article, Plaintiff acknowledges the primary sources of information were ***former*** Frito-Lay employees, but also avers that Frito-Lay supplied information about an internal investigation and "many of the negative statements" about Plaintiff that appeared in the Times article." *Id.* ¶¶ 79, 81. Plaintiff never alleges what those statements were, or what information was provided. *See id.* ¶¶ 77-87. Plaintiff's Complaint attributes two statements to Frito-Lay: (1) "None of our records show that [Plaintiff] was involved in any capacity in the Flamin' Hot test market;" and (2) "[T]he facts do not support the urban legend." *Id.* ¶ 12.

Regarding Lightbox, Plaintiff alleges, "on information and belief," that "an unidentified PepsiCo and/or Frito-Lay employee" expressed to Lightbox "purportedly factual statements that [Plaintiff] did not invent Flamin' Hot Cheetos" and other unspecified statements. *Id.* ¶¶ 107, 136. Although Lightbox's intention had been to "present both side of the controversy," Plaintiff avers these unspecified statements "made it impossible . . . to continue with the documentary project." *Id.* ¶¶ 106-107.

## III. <u>PLAINTIFF FAILS TO STATE A CLAIM</u>

### A.    STANDARD GOVERNING RULE 12(B)(6) MOTIONS

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Every complaint must plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." *Ashcroft*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" *Id.* "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The court accepts as true "well-pleaded" factual allegations, but not conclusions, unwarranted deductions of fact, or unreasonable inferences. *Bell Atl. Corp.*, 550 U.S. at 555.

Pleading fraud requires heightened specificity under Fed. R. Civ. P. 9(b), including specifically pleading the "time, place, and specific content of the false representations" and "the identities of the parties to the misrepresentations." *See, e.g.*, *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). For corporations, "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written" must be alleged. *Flowers v. Wells Fargo Bank, N.A.*, 2011 WL 2748650, at *6 (N.D. Cal. July 13, 2011).

## B.    MOST OF PLAINTIFF'S CLAIMS ARE TIME-BARRED

In addition to their lack of substantive merit, most of Plaintiff's claims are facially time-barred. Plaintiff's allegations center primarily around the Article, published *more than three years ago* on May 16, 2021. Yet, the statute of limitations for defamation is one year, commencing upon publication. Cal. Code Civ. Proc. § 340; *Shively v. Bozanich*, 31 Cal. 4th 1230, 1247 (2003), as modified (Dec. 22, 2003). The statute of limitations for intentional interference with economic advantage is two years. *DC Comics v. Pac. Pictures Corp.*, 938 F. Supp. 2d 941, 952 (C.D. Cal. 2013) (citing Cal. Code Civ. Proc. § 339).

Plaintiff's claims for fraud and unjust enrichment are similarly time-barred.

Plaintiff alleges that Defendants' actions in promoting his story created a promise of continued support and conferred a benefit on Defendants.  Plaintiff contends the alleged subsequent withdrawal of this support rendered that "promise" fraudulent and the benefit unjustly conferred.  That contention is insufficient to state a claim, but regardless, the statute of limitations for fraud and unjust enrichment is three years.  *Griffin v. Green Tree Servicing, LLC*, 2015 WL 10059081, at *17 (C.D. Cal. Oct. 1, 2015) (citing Cal. Code Civ. Proc. § 338(d)).  Plaintiff knew of Defendants' alleged withdrawal of support by the May 16, 2021, Article.  Compl. ¶ 77.  The statute of limitations ran no later than May 16, 2024, over two months before Plaintiff filed this action.

Plaintiff's FEHA claim is also time-barred.  Any action under FEHA must be filed with the California Civil Rights Department ("CCRD") within three years of an adverse employment action, and any lawsuit must be filed within a year of the CCRD's issuance of a right-to-sue letter.  Cal. Gov't Code §§ 12960(e)(5); 12965(b).  Plaintiff alleges that he voluntarily retired from Defendants' employ in 2019, and the allegedly discriminatory conduct occurred approximately 30 years ago.  Compl. ¶¶ 49-51, 70.

## C.     UNSPECIFIED STATEMENTS ARE INSUFFICIENT TO PLEAD DEFAMATION OR INTENTIONAL INTERFERENCE

Plaintiff's Complaint presumes that, but for Defendants' conduct, Lightbox would have produced a documentary about him.  Compl. ¶¶ 136-140. Plaintiff speculates that Defendants must have indicated that Plaintiff did not "invent" Flamin' Hot Cheetos but fails to allege any statement, speaker, recipient, time, place, or mode of communication.  *See id.*  The claim is pure conjecture.

### 1.     Plaintiff Fails to State a Claim for Defamation.

To plead defamation, Plaintiff must demonstrate that Defendants intentionally published a factual statement that is "false, unprivileged, and has a natural tendency to injure or which causes special damage."  *Balla v. Hall*, 59 Cal. App. 5th 652, 675

-15-

(2021).  Thus, "plaintiff must present evidence of a statement of fact that is provably false."  *Grenier v. Taylor*, 234 Cal. App. 4th 471, 486 (2015).  Plaintiff is a public figure and must also allege facts supporting an inference that Defendants made a statement with "actual malice," i.e, subjective knowledge or reckless disregard as to its truth or falsity.  *McGarry v. Univ. of San Diego*, 154 Cal. App. 4th 97, 114 (2007).

Plaintiff (1) fails to allege the actual words and substance of any statement; (2) fails to allege falsity; and (3) fails to plausibly allege malice.  Moreover, any statements would be privileged.

> a.    *Plaintiff's Vague Allegations Fail to Plead Disparagement*

Defamation must be "specifically identified, if not pleaded verbatim, in the complaint."  *Vogel v. Felice*, 127 Cal. App. 4th 1006, 1017 n.3 (2005).  "[T]he disparagement set forth in the complaint must be sufficiently close to the actual words proved to *acquaint a defendant with what he must defend against*."  *Med. Marijuana, Inc. v. ProjectCBD.com*, 46 Cal. App. 5th 869, 894 (2020) (emphasis added).  A plaintiff must plead "the precise statements alleged to be false and defamatory, who made them and when."  *Flowers v. Carville*, 310 F.3d 1118, 1131 (9th Cir. 2002).  "This obligation ensures that a plaintiff would not base the complaint on his own subjective interpretation of the purportedly defamatory statements when an objectively reasonable interpretation would result in dismissal."  *Heller v. NBCUniversal, Inc.*, 2016 WL 6573985, at *4 (C.D. Cal. Mar. 30, 2016).

Plaintiff does not plead with any specificity the substance, phrasing, or context of the allegedly defamatory statements.  Plaintiff alleges, upon information and belief, that "sometime between July and September of 2023, an unidentified PepsiCo and/or Frito-Lay employee spoke or corresponded with… Lightbox and expressed, and caused PepsiCo and/or Frito-Lay to express, purportedly factual statements that [Plaintiff] did not invent Flamin' Hot Cheetos."  Compl. ¶ 136.  This vague allegation fails to pinpoint the content of any statements, what made them

defamatory, or any other details.  That failure is fatal.  *Hayden v. Retail Equation, Inc.*, 2021 WL 5024502, at *7 (C.D. Cal. July 6, 2021) (dismissing defamation claim when the Complaint failed to allege specific statements).  Critically, the defamation claim hinges on truth or falsity, *which cannot be assessed without alleging specific statements*.  It is impossible to respond to a defamation claim that fails to specify an actual statement.

### b.    Plaintiff Fails to Plead Falsity.

"Defamation is the intentional publication of a statement of fact that is *false*." *Grenier*, 234 Cal. App. 4th at 486 (emphasis added). "There can be no recovery for defamation without a falsehood." *Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798, 809 (2002); *Baker v. L.A. Herald Exam'r*, 42 Cal. 3d 254, 259 (1986) ("The sine qua non of recovery for defamation . . . is the existence of a falsehood.").

Plaintiff cannot properly plead falsity without pleading the substance of an allegedly defamatory statement.  Moreover, Plaintiff's allegations substantiate that Flamin' Hot Cheetos were the result of a collaborative effort.  *See* Compl. ¶¶ 49-54 ("Despite the Frito-Lay R&D group's underwhelming support for development of [Plaintiff's] new spicy Cheetos snack, eventually, a batch of 50-pound bags of [Plaintiff's] spicy seasoning arrived from McCormick to the Rancho Cucamonga plant.").  Thus, any implication that it is false to deny that Plaintiff singularly invented Flamin' Hot Cheetos is contradicted by Plaintiff's own allegations.

### c.    Plaintiff is a Public Figure, or at the very least, a Limited-Purpose Public Figure and Fails to Allege Actual Malice.

Under California law, an individual may be either an "all purpose" public figure, that is, one who has "achieved such pervasive fame or notoriety that he becomes a public figure for all purposes and in all contexts," or a "'limited purpose' or 'vortex' public figure, an individual who voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues." *Reader's Digest Assn. v. Superior Ct.*, 37 Cal. 3d 244, 253

MOTION TO DISMISS AND STRIKE

(1984).  Plaintiff is undoubtedly a public figure.  He spends the bulk of his 61-page Complaint detailing his famous life story, authorship of two bestselling books, and the fact that he was the subject of the film *Flamin' Hot*.  Compl. ¶¶ 3, 66, 72-75. Therefore, Plaintiff must allege ***facts*** that clearly and convincingly show the speaker made each statement at issue with "actual malice" – i.e., with "knowledge that it was false or with reckless disregard of whether it was false or not.  *McGarry*, 154 Cal. App. 4th at 114;*Harte-Hanks Commc'ns v. Connaughton*, 491 U.S. 657 (1989).

Plaintiff's Complaint recites the malice element as a legal conclusion but pleads no *facts* showing actual malice.  Compl. ¶ 137.  Plaintiff fails to establish that the *"unidentified"* employee had a high degree of awareness of the probable falsity of the *unspecified* statements.  Such unsubstantiated claims do not satisfy the standard for specificity and plausibility, warranting dismissal.[2]  *See Barger v. Playboy Enters., Inc.*, 564 F. Supp. 1151, 1156-57 (N.D. Cal. 1983).  Courts reject such vague allegations, and the threat they pose to free speech.  *Barger,* 564 F. Supp. at 1156-1157.

> d.    *Any Alleged Defamatory Statements are Privileged Under the Common Interest Privilege.*

Under California law, a statement is privileged when made "without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information."  Cal. Civ. Code § 47.  "The privilege applies to a defendant acting to protect a pecuniary or proprietary interest

---

[2] The alleged statements to the LA Times also fail.  Plaintiff does not allege that the statement that Defendants *have no record* of his involvement in the test market is knowingly false, and even alleges that he "has never claimed to have been part of the 1990 Midwest test market."  Compl. ¶ 82.  The statement that "the facts do not support the urban legend" would not even be perceived as a factual statement.

and between parties in a contractual, business, or similar relationship." *Eastech Elecs., Inc. v. E & S Int'l Enters., Inc.*, 2008 WL 11342614, at *3 (C.D. Cal. Aug. 25, 2008). "For the purposes of section 47's qualified privilege, 'malice' means that the defendant (1) was motivated by hatred or ill will towards the plaintiff, or (2) lacked reasonable grounds for its belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Schep v. Capital One, N.A.*, 12 Cal. App. 5th 1331, 1337 (2017).

Defendants had a vested financial and business interest in the documentary's subject matter, which aimed to present both sides of the origin story of a PepsiCo/Frito-Lay product. Compl. ¶ 106 ("Lightbox… also reached out to . . . a 'contributor' at PepsiCo/Frito-Lay to secure their participation in the documentary.") Their alleged communications with Lightbox were privileged.

e.    *Plaintiff Neither Pleads Slander Per Se nor Actual Damages for Slander Per Quod*

Defamation can arise from libel or slander. Cal. Civ. Code § 44. The California Civil Code defines slander as follows:

> Slander is a false and unprivileged publication, orally uttered... which: Tends directly to injure [the plaintiff] in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;

Cal. Civ. Code § 46. "A slander that falls within the first four subdivisions of Civil Code section 46 is slander per se and requires no proof of actual damages." *Regalia v. The Nethercutt Collection*, 172 Cal. App. 4th 361, 367 (2009). "A [s]lander that does not fit into those four subdivisions is slander *per quod*, and special damages are required for there to be any recovery for that slander." *Id.*

The Complaint is devoid of any statement that, on its face, would directly injure Plaintiff in a way that would constitute slander *per se*. A statement that a

-19-

1  person has not invented a Cheeto product is not inherently damaging to one's
2  reputation.  Compl. ¶ 136.  It neither accuses the Plaintiff of dishonesty, lack of
3  integrity or incompetence nor suggests any reprehensible personal characteristic.
4  Consequently, it is not slander *per se*, and Plaintiff must specifically allege the
5  nature and extent of special damages.  Plaintiff vaguely claims "lost compensation,
6  lost profits, and loss to reputation" without any specific factual detail.  That is
7  insufficient.

8              **2.      Plaintiff Fails to State a Claim for Intentional Interference.**

9              These same inadequacies doom Plaintiff's intentional interference with
10 prospective economic advantage claim, which requires: (1) an economic relationship
11 between the plaintiff and some third party, with the probability of future economic
12 benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3)
13 intentional acts by the defendant designed to disrupt the relationship; (4) actual
14 disruption; (5) economic harm proximately caused by the acts of the defendant; and
15 (6) conduct that was wrongful by some legal measure other than the fact of
16 interference itself.  *Della Penna v. Toyota Motor Sales, U.S.A.*, 11 Cal. 4th 376, 378
17 (1995).

18             Plaintiff cannot satisfy the "independently wrongful act" requirement.  To be
19 independently wrongful, an act must be "unlawful" – *i.e.*, "proscribed by some
20 constitutional, statutory, regulatory, common law, or other determinable legal
21 standard." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159
22 (2003); *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 996 (N.D. Cal. 2014).
23 Plaintiff fails to state a claim for defamation, and the absence of any other wrongful
24 conduct warrants dismissal of this claim.  *See, e.g., Charlson v. DHR Int'l Inc.*, 2014
25 WL 4808851, at *7 (N.D. Cal. Sept. 25, 2014) (dismissing interference claim based
26 on alleged defamatory statements where plaintiff failed to state claim for
27 defamation).

28

SMRH:4889-6043-4906                                    MOTION TO DISMISS AND STRIKE

Further, Plaintiff's allegations establish that Defendants were interested parties, rendering them immune from such a claim.  The prospective advantage Plaintiff posits was contingent upon a documentary which would have involved the Defendants.  Compl. ¶ 106.  But a party that is interested in a transaction may not be held liable for tortious interference with that same transaction.  *See, e.g., PM Grp., Inc. v. Stewart,* 154 Cal. App. 4th 55, 65 (2007) ("The tort of intentional interference with contractual relations is committed only by 'strangers—interlopers who have no legitimate interest in the scope or course of the contract's performance.'").  California law "bar[s] prosecution of the tort of interference with prospective economic advantage against a party to the relationship from which the plaintiff's anticipated economic advantage would arise." *Kasparian v. Cnty. of L.A.*, 38 Cal. App. 4th 242, 262 (1995).

Moreover, Plaintiff does not adequately plead an economic relationship with Lightbox.  Plaintiff's conclusory allegations on information and belief that Defendants were "informed of [his] involvement in the documentary project" and had "actual knowledge of [his] pre-existing economic relationship with Lightbox" are insufficient.  Compl. ¶ 147.  Plaintiff's attempt to label his brief, informal discussions with Lightbox as an "existing economic relationship" is an overstatement.  *Halton Co. v. Streivor, Inc.,* 2010 WL 2077203, at *5 (N.D. Cal. May 21, 2010) ("[I]t is well settled in California that a plaintiff must establish an existing economic relationship or a protected expectancy with a third person, not merely a hope of future transactions"); *Wilson v. Loew's Inc.*, 142 Cal. App. 2d 183, 192 (1956) (claim that a plaintiff was "about to" secure a contract or other economic advantages is insufficient).

Nor has Plaintiff alleged proximate causation.  Plaintiff's allegation that Defendants' statements to Lightbox "made it impossible for Lightbox to continue with the documentary project" are speculative and conclusory, and by themselves, provide grounds for dismissal.  *See Silicon Knights v. Crystal Dynamics,* 983 F.

MOTION TO DISMISS AND STRIKE

Supp. 1303, 1311-12 (N.D. Cal. 1997).  For example, Plaintiff fails to assert that, but for the purported remarks to Lightbox, the documentary would have been made.

### D.    PLAINTIFF FAILS TO ALLEGE FRAUD OR UNJUST ENRICHMENT

Plaintiff's fraud and unjust enrichment claims are based upon his theory that Defendants' alleged prior *actions* supporting his narrative and career implied a promise that they would always continue to provide the same support.  Plaintiff theorizes that when Defendants allegedly stopped providing that support, it showed the alleged promise was a fraudulent one, and rendered the benefit they received from promoting Plaintiff an ill-gotten gain.  Plaintiff's theory is not viable.

### 1.    Plaintiff fails to allege the elements of fraud.

"To plead a cause of action for fraud the plaintiff must allege (1) a knowingly false representation by the defendant, (2) an intent to defraud or to induce reliance, (3) justifiable reliance, and (4) resulting damages."  *Bullard v. Wastequip, Inc.*, 2014 WL 10987394, at *3 (C.D. Cal. Sept. 11, 2014).  Under the theory of promissory fraud, a plaintiff must show that a defendant made a promise without intending to perform at the time the promise was made.  *See, e.g*, *Cedars Sinai Med. Ctr. v. Mid–W. Nat. Life Ins. Co.*, 118 F. Supp.2d 1002, 1013 (C.D.Cal.2000) (citing *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 159 (1991)).  Critically, "something more than nonperformance is required to prove the defendant's intent not to perform his promise."  *Magpali v. Farmers Group, Inc.*, 48 Cal. App. 4th 471, 481 (1996).

#### a.    *Plaintiff's Allegations Do Not Establish a Misrepresentation or Promise*

Plaintiff fails to allege any facts to suggest a false statement or promise was made by Defendants.  Plaintiff asserts that Defendants "promised to continue to support, and to continue to tell the true story of, [Plaintiff's] creation of Flamin' Hot Cheetos."  Compl. ¶ 128. Yet, he merely alleges that promise was conveyed through

-22-

a list of exemplary "statements and actions," none of which actually express a promise of future support. *See id.* Giving Plaintiff a poster featuring the Flamin' Hot Cheetos logo, approving his speeches, or using his story in promotional materials does not amount to a promise to always and forever support Plaintiff's narrative. *See id.* No promise or fraudulent statement has been properly alleged.

        b.    *Plaintiff's Allegations Do Not Establish an Intent to Defraud*

Plaintiff also fails to properly allege intent to defraud or satisfy the exacting specificity standard of Rule 9(b). *See id.* Plaintiff fails to identify any promisor, much less the unspecified promisor's intent. *See id.* ¶¶ 128-134. Plaintiff fails to include even a conclusory allegation that the unidentified promisors did not intend to keep the supposed "promise" *at the time of its making*. Plaintiff merely alleges eventual non-performance of this imagined "promise" – *decades later*. This is far from sufficient to allege fraud. *Cedars Sinai Med. Ctr.*, 118 F. Supp. 2d at 1013.

Ironically, Plaintiff alleges that former officers of Defendants continue to support him, which belies his own claim. "A defendant corporation is deemed to have the requisite scienter for fraud only if the individual corporate officer making the statement has the requisite level of scienter." *In re Apple Computer, Inc. Sec. Litig.*, 243 F. Supp. 2d 1012, 1023 (N.D.Cal.2002), *aff'd*, 127 Fed. Appx. 296 (9th Cir.2005). Thus, Plaintiff must allege facts showing that the individual "promisors" intended to deceive Plaintiff *at the time* the supposed "promises" were made. *See id.* Instead, Plaintiff alleges that Defendants' past officers supported him for years and continue to do so. Compl. ¶¶ 62, 67-71, 95. The fact that *different* (unspecified) individuals changed course decades later does not imply that the *original* promisors had an intent to deceive when any "promise" was made in decades past.

/ / /

/ / /

SMRH:4889-6043-4906                                     MOTION TO DISMISS AND STRIKE

c.      *Plaintiff's Allegations Do Not Establish Reliance*

Plaintiff does not allege that he took any action in reasonable and detrimental reliance on a supposed false promise.  *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 976 (1997), as modified (July 30, 1997) (a plaintiff must show that a misrepresentation caused some "conduct, which alters his legal relations" or that absent the misrepresentation "he would not … have entered into the contract or other transaction").  Plaintiff merely makes the conclusory allegation that he "reasonably relied upon [Defendants'] (mis)representations," but does not allege *facts* showing *how* he relied on Defendants' alleged misrepresentations, or that he took any action in response. Compl. ¶ 128.

**2.      Plaintiff Fails to State a Claim for Unjust Enrichment[3]**

Under California law, enrichment requires that a "person receive[] a benefit *at another's expense*" and "the fact that one person benefits another is not, by itself, sufficient to require restitution." *McBride v. Boughton*, 123 Cal. App. 4th 389 (2004).  Plaintiff does not allege that Defendants were enriched *at Plaintiff's expense*.  Rather, Plaintiff alleges Defendants were enriched by promoting him, Flamin' Hot Cheetos, and his narrative. Compl. ¶¶ 155-156.  But that did not constitute an expense to Plaintiff; rather, Plaintiff alleges that he mutually *benefited* from the promotion, transforming his circumstances and embarking on a career as a motivational speaker.   *See* Compl. ¶ 70.  Plaintiff has not plead a legally actionable benefit.

Nor does Plaintiff plead that any enrichment was unjust.  Plaintiff must plead that Defendants have been unjustly conferred a benefit "through mistake, fraud,

---

[3] Some courts have held "there is no cause of action in California for unjust enrichment." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010). Thus, this claim is not properly alleged.  To the extent the Court construes this claim as an equitable claim for restitution, Defendants address its defects under that theory.

coercion, or request." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Here, the "fraud" Plaintiff alleges is Defendants' supposed discontinued support. Yet, Plaintiff does not (and cannot) allege that Defendants gained anything from this withdrawal. Indeed, all alleged benefits resulted from Defendants *promotion* of Plaintiff—which is the action Plaintiff desires and alleges is proper. Thus, even if Plaintiff could allege enrichment (which he cannot), Plaintiff's own allegations establish it was not unjust.

### E.    PLAINTIFF'S FEHA ALLEGATIONS ARE INSUFFICIENT TO SHOW DISCRIMINATION

Plaintiff voluntarily retired in 2019, but alleges that in the early 1990s, while working as a janitor, he was excluded from aspects of the research and development process of his spice concoction due to his Mexican heritage. Compl. ¶¶ 41-58, 116. Plaintiff also alleges that the twenty years it took Defendants to promote Plaintiff "off the line" was longer than his white counterparts, and that he recently realized these events were racially motivated, when Defendants sought to discredit him. Compl. ¶ 116.

Plaintiff's conclusions of racial discrimination and delayed discovery are implausible, unsupported by any factual allegations, and belied by other allegations in the Complaint. To state a claim under FEHA for racial discrimination, Plaintiff must allege (1) that he was a member of a protected class, (2) he was performing competently in his position, (3) he suffered an adverse employment action, and (4) some other circumstance suggests discriminatory motive. *Guz v. Bechtel Nat'l. Inc.*, 24 Cal. 4th 317, 355 (2000). Plaintiff cannot satisfy the third and fourth elements and cannot justify tolling the statute of limitations for 30 years.

#### a.    *Plaintiff's Allegations Do Not Establish an Adverse Employment Action*

Plaintiff's allegations are insufficient to show any adverse employment action. FEHA prohibits discrimination "in compensation or in terms, conditions, or

privileges of employment." Cal. Gov't Code § 12940(a). Plaintiff makes no allegation related to his compensation. *See generally* Compl. ¶¶ 49-70, 112-116. And, Plaintiff does not allege that participation in Frito-Lay's research and development department was a term, condition, or privilege of employment as a janitor. *See id.* ¶¶ 48-52.

Denial or delay of a promotion *could* constitute an adverse employment action, but Plaintiff fails to provide factual allegations regarding any promotion to which Plaintiff thought he was entitled, the positions or responsibilities held by his alleged "white counterparts," or the positions to which they were promoted. Moreover, Plaintiff's factual allegations prevent the inference that any alleged "white counterpart" was similarly situated to Plaintiff. To establish non-selection discrimination, a plaintiff must establish that the comparative employees are similarly situated. *See, e.g.*, *Chisolm v. 7-Eleven, Inc.*, 383 F. Supp. 3d 1032, 1061 (S.D. Cal. 2019), aff'd, 814 F. App'x 194 (9th Cir. 2020). "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 641 (9th Cir. 2003).

But Plaintiff's employment history is unique and meteoric, so it is unsurprising that he cannot allege any discrimination vis-à-vis similarly-situated employees. Plaintiff's Complaint describes his "rise through the ranks," Compl. ¶ 62, his journey from janitor and machine operator, *Id.* ¶ 36, to developing and marketing a new product, *Id.* ¶ 41-47, to becoming a motivational speaker, *Id.* ¶ 48, to creating, launching and marketing an expanded Sabrositas line of snacks, *Id.* ¶ 60, to becoming Frito-Lay's Southern California Business Manager and PepsiCo's Vice President of Multicultural Marketing & Sales,[4] *Id.* ¶ 65. Plaintiff cannot plausibly allege that careers of other employees were on a trajectory similar enough for

---

[4] This title does not appear to be reflected in Defendants' records.

MOTION TO DISMISS AND STRIKE

meaningful comparison, or that similarly-situated counterparts were more promptly promoted because there are none.  This claim is implausible.

### b.    Plaintiff Fails to Allege Discriminatory Motive

Plaintiff's allegations are insufficient to suggest discriminatory motive, and his conclusions of racial motivation are contradicted by his own allegations. Plaintiff spends more than 15 pages of his Complaint detailing multiple promotions and repeated examples of Defendants celebrating Plaintiff and his successful career. *See, e.g.*, Compl. ¶¶ 60-76.  Plaintiff goes so far as to allege that "PepsiCo and Frito-Lay *championed*" him and sponsored his speaking engagements both internally and externally.  Compl. ¶¶ 117-118.  Plaintiff's factual allegations portray a supportive and successful work environment.  *See id.* at ¶ 60-70.  Plaintiff's theory that this was all part of a conspiracy to discriminate against him by promoting him for 30 years and then tear him down after he retired is beyond implausible.

Moreover, Plaintiff's claim makes no connection between the alleged employment actions and the alleged *post-employment* withdrawal of support that prompted his claim.  Other than his own conclusory characterizations, Plaintiff offers no basis to claim that any recent alleged statements were racially motivated. As such, these statements cannot imply a racial animus in 30-year-old employment actions.  Notably, the alleged statements to the LA Times were made by *entirely different people* than those who would have been involved with his employment.  In fact, Plaintiff affirmatively pleads that certain former leaders of Frito-Lay continue to support his narrative in the way he desires.  *See* Compl. ¶ 95.  Thus, even if Plaintiff had pled specific facts suggesting racial animus motivated Defendants' alleged statements to the LA Times and Lightbox, that animus could not be imputed to different people involved in employment decisions *30 years ago*.

### c.    Plaintiff Cannot Invoke the Discovery Rule

Finally, even if Plaintiff had properly alleged racial discrimination, Plaintiff's attempt to avoid the obvious running of the statute of limitations on his claims is

MOTION TO DISMISS AND STRIKE

unavailing.  His allegations regarding his belated discovery are implausible, contradicted by other allegations, and insufficient to invoke the discovery rule.

"A plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.  The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand demurrer." *E-Fab, Inc. v. Accountants, Inc. Serv.*, 153 Cal. App. 4th 1308, 1319 (2007).  In California, claims accrue when a plaintiff merely *suspects* someone has done something wrong to him, i.e., "once the plaintiff has notice or information of circumstances to put a reasonable person on inquiry." *Jolly v. Eli Lilly Co.*, 44 Cal. 3d 1103, 1110-11 (1988) (internal citations omitted).  "[S]uspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." *Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 634 (2007).  "A plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery.  Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her right. … So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." *Jolly*, 44 Cal. 3d at 1110-11.

Plaintiff alleges that he was employed for more than forty years by Defendants. *See* Compl. ¶¶ 71, 113.  To assert that Plaintiff was never suspicious of the discrimination and racial animus he now alleges until decades after-the-fact (when suing Defendants for unrelated reasons) falls short of a plausible claim.  Moreover, Plaintiff alleges, albeit without any supporting factual details, that white peers were promoted more quickly than he.  Comp. ¶ 116.  Regardless if this were true, it would have been sufficient notice of racial motivations at the time of those promotions, since Plaintiff was necessarily contemporaneously aware of his own

MOTION TO DISMISS AND STRIKE

1  pace of advancement through the ranks.  In fact, Plaintiff alleges he was able to

2  advance his career *despite encountering racial prejudice*. Compl. ¶¶ 53-54, 62.

3  Plaintiff's own allegations demonstrate he would have been on notice of any

4  purported discrimination *during* his employment and may not invoke the discovery

5  rule to revive claims that expired decades ago.[5]

6   **F.   PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF
          CALIFORNIA'S UNFAIR COMPETITION LAW.**

7

8   Plaintiff's UCL claim must be dismissed because (1) the predicate claims on

9  which it is based fail; and (2) Plaintiff has failed to allege a cognizable injury.

10  "Where the predicate claims on which a plaintiff's UCL claim are based fail, the

11  UCL claim fails as well." *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1095 (C.D.

12  Cal. 2015); *see also Bejou v. Bank of Am., N.A.,* 2013 WL 1759126, *5 (E.D. Cal.

13  Apr. 24, 2013) ("Reliance on other invalid claims fails to support a viable UCL

14  claim").  Here, because Plaintiff's other claims fail, no predicate act supports a UCL

15  claim.

16  **IV.   PLAINTIFF'S CLAIMS SHOULD BE STRICKEN PURSUANT TO
          CALIFORNIA'S ANTI-SLAPP STATUTE**

17

18   California's anti-SLAPP statute was enacted to check "a disturbing increase

19  in lawsuits brought primarily to chill the valid exercise of the constitutional right of

20  freedom of speech and petition," and is to be "construed broadly."  C.C.P. §

21  425.16(a); *see also, Ludwig v. Super. Ct.,* 37 Cal. App. 4th 8, 18-20 (1995).  It is

22  designed to expeditiously weed out meritless claims and applies to claims in federal

23

24

25  ―――――――――――――――
    [5] Even if Plaintiff was unaware of racial animus until Defendant's alleged

26  statements to the LA Times, Compl. ¶ 121, the action is still time barred.  Plaintiff's
    CCRD complaint, incorporated into the Complaint, was not filed until June 28,

27  2024, more than three years after the Article's May 15, 2021 publication.  *See* RJN

28  Exhibit 1.

court, which apply California law to such motions.[6]  C.C.P. § 425.16(a); *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972–73 (9th Cir. 1999); *Hilton v. Hallmark Cards*, 599 F.3d 894,  905 (9th Cir. 2010).

The law creates a "two-step process for determining" whether a claim should be stricken.  *Varian Med. Sys., Inc. v. Delfino*, 35 Cal. 4th 180, 192 (2005); C.C.P. § 425.16(b)(1).  The defendant must make a "prima facie showing" that the plaintiff's suit arises from an act (a) "in furtherance of the defendant's constitutional right to free speech," and (b) "in connection with a public issue." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021).  "The burden then shifts to the plaintiff . . . to establish a reasonable probability that it will prevail on its claim[.]" *Id.*  "The district court must grant the defendant's motion and dismiss the complaint if the plaintiff presents an insufficient legal basis for the claims or no reasonable jury could find for the plaintiff."  *Id.*  The "prevailing defendant" "*shall* be entitled" to recover its attorneys' fees and costs.  C.C.P. § 425.16(c) (emphasis added).

## 1.    Plaintiff's Claims Arise from Protected Activity

To satisfy the first prong, Defendants need only make a prima facie showing that Plaintiff's claims arise from a statement in "furtherance of the exercise of the constitutional right of . . . free speech in connection with a public issue or an issue of public interest."  C.C.P. § 425.16(e)(3)-(4).  This requirement is met where a statement concerned a "person or entity in the public eye," "conduct that could directly affect a large number of people beyond the direct participants," or a "topic of widespread, public interest." *Eliott v. Lions Gate Ent. Corp.*, 639 F. Supp. 3d 1012, 1024 (C.D. Cal. 2022) (citing *Hilton*, 599 F.3d at 906-07).  Speech addressing some "ongoing controversy, dispute or discussion" also qualifies.  *Cross v. Cooper*,

---

[6] The Ninth Circuit applies California's anti-SLAPP statute in diversity cases with state law claims.  *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021).  Defendants removed Plaintiff's case to this court on diversity grounds. (ECF No. 1.)

MOTION TO DISMISS AND STRIKE

197 Cal. App. 4th 357, 383 (2011).

Defendants' alleged statements to the LA Times and LightBox meet this standard.  By Plaintiff's own allegation, the creation of Flamin' Hot Cheetos was a topic of articles, books, speeches, media interviews, and feature films.  Compl. ¶¶ 3, 14, 27, 43, 68, 72, 75, 77, 106.  Plaintiff also alleges the Article generated substantial public controversy.  *Id*. ¶¶ 55, 91, 95.  The intent of the Lightbox documentary was to "present both sides of" that controversy.  *Id.* ¶ 106.

Plaintiff is also a public figure, and therefore a matter of public interest in his own right.  A plaintiff can reveal himself to be "a person . . . in the public eye" by virtue of the allegations in his complaint.  *Nadel v. Regents of the Univ. of Calif.*, 28 Cal. App. 4th 1251, 1270 (1994); *see also Thomas v. L.A. Times Commc'ns L.L.C.*, 189 F. Supp. 2d 1005, 1011 (C.D. Cal. 2002) (holding the same in the context of an anti-SLAPP motion).  Plaintiff has done so.  *See* Compl. ¶¶ 3, 14,  68, 72, 75, 77,106.  Plaintiff's claims arise from the exercise of free speech in connection with an issue of public interest.

### 2.    Plaintiff's Claims Fail as a Matter of Law

"If the defendant meets its burden, the burden shifts to plaintiff to demonstrate a probability of prevailing on the merits of each of plaintiff's claims." *Doe v. Gangland Prods., Inc.,* 730 F.3d 946, 951, 953 (9th Cir. 2013).  Plaintiff cannot satisfy his burden for multiple reasons, and his claims should be stricken. The test for legal sufficiency under the anti-SLAPP statute involves the same analysis as dismissing a cause of action for failure to state a claim.  *See, e.g.*, *Wynn v. Chanos,* 2015 WL 971360, at *4 (N.D. Cal. Mar. 3, 2015), *aff'd*, 685 F. App'x 578 (9th Cir. 2017) ("If Plaintiffs cannot plead a plausible cause of action under the FRCP 12(b)(6) standard, then Plaintiffs as a matter of law cannot meet the probability of success on the merits standard.").  As set forth above, Plaintiff's claims fail as a matter of law.  Consequently, Plaintiff's Complaint should be

stricken and Defendants should be awarded their attorneys' fees and costs pursuant to C.C.P. § 425.16.

## V.    CONCLUSION

The Court should grant the Motion, award Defendants their attorney fees and costs, and dismiss this case with prejudice.


Dated:  August 28, 2024        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By        _____
                    */s/ Camille M. Vasquez*
                    CAMILLE M. VASQUEZ
                    LEO J. PRESIADO
                    SAMUEL A. MONIZ
                    J. RANDALL BOYER
                    MELISSA M. MIKAIL

                    Attorneys for Defendants
                    PEPSICO. INC. and FRITO-LAY. INC.

1

## **<u>CERTIFICATE OF COMPLIANCE</u>**

2

The undersigned, counsel of record for Defendants, certifies that this brief

3

contains 6,732 words, which complies with the word limit of L.R. 11-6.1.

4

5

Dated:  August 28, 2024

6

By    */s/ Camille M. Vasquez*
                    CAMILLE M. VASQUEZ

7                                                                                      .

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-33-